ORIGINAL

# In the United States Court of Federal Claims

No. 11-798C

(Filed: March 30, 2012)

(NOT TO BE PUBLISHED)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JESSE R. McNUTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jesse R. McNutt, *pro se*, Murray, Kentucky.

Michelle R. Milberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Jesse McNutt seeks damages and equitable relief from the United States ("the government") for alleged improprieties in his criminal trial before a United States district court. The government has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### BACKGROUND[1]

This case stems from a prior criminal conviction of Mr. McNutt in the United States District Court for the Western District of Kentucky. In 2006, Mr. McNutt was found guilty of

---

[1] The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the complaint and the parties' filings and are either undisputed or are alleged and assumed to be true.

possessing an unregistered destructive device in violation of 26 U.S.C. § 5861(d). *See* Judgment, *United States v. McNutt*, No. 5:03CR-29-R (W. D. Ky. Apr. 27, 2006), ECF No. 203, at 2. He was sentenced to 41 months in prison and fined $7,500. *Id.* at 3, 5. In the present lawsuit, Mr. McNutt seeks monetary and equitable relief for alleged defects in these criminal proceedings. First, Mr. McNutt argues that the district court lacked personal jurisdiction over him. Compl. at 2. Second, he avers that the United States District Court for the Western District of Kentucky was an improper venue for his trial. *Id.* Third, he claims that he was denied the assistance of counsel in violation of the Sixth Amendment. *Id.* at 2-3. Lastly, Mr. McNutt alleges that the trial began too soon after his first appearance, contravening the Speedy Trial Act as codified at 18 U.S.C. § 3161(c)(2). Compl. at 3. Mr. McNutt alleges that these procedural errors resulted in his "suffering, false imprisonment, false arrest, [and] denial of due process." *Id.* at 4. For these purported wrongs he seeks $400,000 in damages. *Id.*

## STANDARD FOR DECISION

A "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (internal quotation marks omitted) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). In addressing a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint as true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), and this burden is not satisfied until proven by a preponderance of the evidence. *Reynolds*, 846 F.2d at 748.

Mr. McNutt has appeared *pro se*, and the submissions of such litigants are traditionally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Thus a *pro se* plaintiff, like any other, "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not itself create a substantive right to monetary relief from this court; rather, it is a jurisdictional statute. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). In essence, the Tucker Act serves to waive the government's sovereign immunity with respect to claims deriving from some money-mandating source of law. *Id.* As a result, to complete the requisite jurisdictional predicates in this court under the Tucker Act, the plaintiff

must point to an independent, substantive source of law that mandates payment from the United States for the injury suffered. That showing of a money-mandating source of law must be coupled with a non-frivolous assertion that the plaintiff "is within the class of plaintiffs entitled to recover under the [money-mandating] statute." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1307 n.8 (Fed. Cir. 2008) (quotation marks omitted) (quoting *Greenlee Cnty., Arizona v. United States*, 987 F.3d 871, 876 (Fed. Cir. 2007)).

## ANALYSIS

Mr. McNutt bases his claim for compensation on a variety of legal theories. An examination of these disparate claims reveals that this court lacks subject matter jurisdiction over any of them.

Mr. McNutt seeks punitive damages for "suffering, false imprisonment, [and] false arrest." Compl. at 4. These are all quintessential tort claims. *See, e.g., White v. United States*, 101 Fed. Cl. 673, 675 (2011) ("Plaintiff's claim for damages for pain and suffering sounds in tort."); *Leitner v. United States*, 92 Fed. Cl. 220, 224 (2010) ("False imprisonment is a tort."); *Dumonde v. United States*, 87 Fed. Cl. 651, 653 (2009) ("Plaintiff's claims of false arrest . . . are tort claims."). The Court of Federal Claims does not have jurisdiction over cases sounding in tort. 28 U.S.C. § 1491(a)(1); *see also, e.g., Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Consequently, the court must dismiss these claims for lack of subject matter jurisdiction.

Mr. McNutt also maintains that the government has violated the Fifth Amendment's due process clause and the Sixth Amendment's guarantee of legal representation. As discussed *supra*, plaintiff cannot establish jurisdiction by simply alleging any constitutional violation; he must identify a money-mandating provision of the Constitution that the government has purportedly contravened. *Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc in relevant part)). It is well established that the due process clause of the Fifth Amendment is not money-mandating. *See, e.g., In re United States*, 463 F.3d 1328, 1335 n.5 (Fed. Cir. 2006) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor does the Sixth Amendment mandate compensation for contravention of its provisions. *Treece v. United States*, 96 Fed. Cl. 226, 231 (2010) (citing *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999) (unpublished table opinion)). Because the constitutional provisions invoked by Mr. McNutt are not money-mandating sources of law, the court lacks jurisdiction over his constitutional claims.

Related to Mr. McNutt's due process argument is his third set of claims, which concern alleged defects in the conduct of his criminal trial. Specifically, Mr. McNutt avers that (1) the district court lacked personal jurisdiction over him, (2) venue was improper, and (3) he was not given 30 days to prepare for trial as required by the Speedy Trial Act. Insofar as these claims overlap with his allegations of denial of due process, they fail because Mr. McCann has not identified a money-mandating constitutional provision or statute.[2] Moreover, all of these alleged

---

[2] Nothing in the Speedy Trial Act suggests that a violation of its provisions would mandate payment to a criminal defendant in the circumstances alleged to be present here. The

improprieties were part and parcel of the criminal proceedings involving Mr. McNutt. "The Court of Federal Claims does not have the power . . . to review in detail the facts surrounding a conviction or imprisonment." *Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd*, 277 Fed. Appx. 985 (Fed. Cir. 2008) (per curiam); *see also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). This court does not sit as a quasi-appellate tribunal to review a district court's proceedings. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims does not have jurisdiction to review the decisions of district courts." (internal quotation marks omitted) (quoting *Joshua*, 17 F.3d at 380); *see also Beach v. United States*, 68 Fed. Cl. 289, 295 (2005) (finding that the court lacked subject matter jurisdiction over plaintiffs' claims that a district court lacked personal jurisdiction over them). The proper forum for resolving these issues was the trial court in which they arose, or in the appellate court that reviews the trial court's decisions. *Cf., e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 233-34 (1985) (discussing a defendant's attempts to vindicate his rights under the Speedy Trial Act before the trial court, the appellate court, and finally the Supreme Court). Consequently, these claims, like the others alleged in Mr. McNutt's complaint, fail for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and the case shall be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly. No costs.

It is so ORDERED.

Charles F. Lettow
Judge

---

Act provides for various remedies if trial is unduly deferred, *see* 18 U.S.C. § 3162, but it does not specify a remedy if the trial commences too soon. In that respect, courts typically have considered whether to order a new trial. *See United States v. Wright*, 797 F.2d 171, 176 (4th Cir. 1986); *United States v. Daly*, 716 F.2d 1499, 1506 (9th Cir. 1983).